# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LORETTA BURTON,** : | |
|     Plaintiff : | |
| : | No. 1:14-cv-1068 |
| v. : | |
| : | |
| **OZBURN HESSEY LOGISTICS,** : | (Judge Kane) |
|     Defendant : | |

---

| | |
|---|---|
| **LORETTA BURTON,** : | |
|     Plaintiff : | |
| : | No. 1:14-cv-1446 |
| v. : | |
| : | |
| **OZBURN HESSEY LOGISTICS,** : | (Judge Kane) |
|     Defendant : | |

## MEMORANDUM

Before the Court is the Report and Recommendation of Magistrate Judge Blewitt, recommending that the civil actions <u>Loretta Burton v. Ozburn Hessey Logistics</u>, No. 14-1068, and <u>Loretta Burton v. Ozburn Hessey Logistics</u>, No. 14-1446, be consolidated. (No. 14-1068, Doc. No. 18; No. 14-1446, Doc. No. 7.) For the reasons that follow, the Court will adopt the Report and Recommendation, will consolidate Civil Action No. 14-1446 into Civil Action No. 14-1068, and will close Civil Action No. 14-1446.

## I.     BACKGROUND

On June 3, 2014 Plaintiff Loretta Burton filed a <u>pro se</u> complaint against Defendant Ozburn Hessey Logistics in the civil action docketed as <u>Loretta Burton v. Ozburn Hessey Logistics</u>, No. 14-1068. (No. 14-1068, Doc. No. 1.) That complaint brings claims for slander

and defamation of character, in addition to claims arising out of unemployment workers' compensation benefits. (Id.) The complaint appears to concern a November 23, 2011 work-related injury. (Id.) Defendant filed an answer to the complaint on July 10, 2014. (No. 14-1068, Doc. No. 8.) Subsequently, on July 28, 2014, Plaintiff filed a second complaint in this court in the civil action docketed as Loretta Burton v. Ozburn Hessey Logistics, No. 14-01446. (No. 14-1446, Doc. No. 1.) As noted by Magistrate Judge Blewitt, "[a]gain, the Complaint [in No. 14-1446] arises out of Plaintiff's November 23, 2011 injury, and appears to allege defamation of character related to the denial of workers compensation benefits." (No. 14-1446, Doc. No. 7 at 2.)

On September 9, 2014, Magistrate Judge Blewitt issued an amended[1] Report and Recommendation, in which he recommended that the Court consolidate the above-captioned actions into Civil Action No. 14-1068, and close Civil Action No. 14-1446. (No. 14-1068, Doc. No. 18; No. 14-1446, Doc. No. 7.) Plaintiff filed timely objections on September 22, 2014. (No. 14-1068, Doc. No. 19; No. 14-1446, Doc. No. 8.) Defendant thereafter filed a reply brief encouraging the Court to adopt the Report and Recommendation of Magistrate Judge Blewitt. (No. 14-1068, Doc. No. 21; No. 14-1446, Doc. No. 10.)

**II.    DISCUSSION**

Magistrate Judge Blewitt recommends the court consolidate the above-captioned actions. (No. 14-1068, Doc. No. 18; No. 14-1446, Doc. No. 7.) Specifically, he concludes that the two

---

[1] It was amended September 9, 2014, for the purpose of correcting a filing error that occurred on August 20, 2014, when Magistrate Judge Blewitt filed his initial Report and Recommendation. Due to the filing error, the original Report and Recommendation was not uploaded properly. (See No. 14-1446, Doc. No. 7 at 1.)

complaints involve "common questions of law and fact" and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. (Id.) Although Plaintiff's objections are somewhat inscrutable, she appears to object on the grounds that consolidation of the actions would "violate [her] individual constitutional due process rights" and suggests that consolidation would affect her appeal.[2] (No. 14-1068, Doc. No. 19; No. 14-1446, Doc. No. 8.)

Rule 42 of the Federal Rules of Civil Procedure provides that a court may consolidate actions arising out of a common question of law or fact. Fed.R.Civ.P. 42(a). To facilitate the administration of justice, District courts are afforded broad power to consolidate actions, whether on motion of a party or sua sponte. Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC., No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014).

The Court agrees with Magistrate Judge Blewitt that the above-captioned actions are suited for consolidation, will adopt his recommendation, and will overrule Plaintiff's objections. Both civil actions appear to arise out of the same set of facts: the termination of Plaintiff's employment by Defendant, a November 23, 2011, work-related injury, and a workers' compensation claim. Although in her objections Plaintiff confusingly characterizes her latter complaint as an appeal of a July 2014 decision by the Workers' Compensation Appeal Board, the Court's review of Plaintiff's one-page complaint indicates that its allegations, such as claims

---

[2] The remainder of Plaintiff's objections appear to consist of accusations that Magistrate Judge Blewitt was biased and unfair toward her (see No. 14-1068, Doc. No. 19 at 5-8; No. 14-1446, Doc. No. 8 at 5-8.), but there is nothing in the record to support these assertions.

that Defendant communicated false, defamatory facts about Plaintiff in conjunction with her workers' compensation requests, arise out of the same incidents as the earlier complaint. (No. 14-1446, Doc. No. 1.) Additionally, the Court finds that consolidation of these actions serves the efficient administration of justice. Both cases bring similar claims related to her termination and benefits and it would inconvenience the Court and the parties – and potentially prejudice the Defendant – to have them proceed as separate actions.[3]

Although Plaintiff contends that consolidation would violate her due process rights, Rule 42(a) expressly provides that the Court may consolidate actions that involve a common question of fact or law. See Ellerman Lines, Ltd., 339 F.2d at 675. Accordingly, because the Court finds that Plaintiff's two complaints arise out of the same facts – and because it further finds that consolidation is in the best interests of the efficient administration of justice – the Court will order the actions be consolidated pursuant to Rule 42(a). An order consistent with this memorandum follows.[4]

---

[3] The Court also observes that Plaintiff has filed other actions against the Defendant; her frequent filings further support the Court's finding that consolidation of the above-captioned actions would serve the efficient administration of justice. Specifically, on August 30, 2012, Plaintiff filed two cases in this District bringing employment discrimination claims against Defendant Ozburn Hessey Logistics. (Nos. 12-1740, 12-1741.) These cases were consolidated by Judge Caldwell into Civil Action No. 12-1740 and, on July 21, 2014, Judge Caldwell granted summary judgment in favor of Defendant.

[4] Plaintiff additionally objects on the grounds that Magistrate Judge Blewitt "implied that she [has] been involved in some type of criminal activities by identifying and describing the disposition of a Habeas Corpus and criminal position," despite the fact that she has no criminal record. (See No. 14-1446, Doc. No. 8, at 7.) Plaintiff appears to be referring to Magistrate Judge Blewitt's citation to Oliver v. Tennis, No. 08-1473, 2008 WL 4755558, at *5 (M.D. Pa. Sept. 10, 2008), in his Report and Recommendation. (See No. 14-1446, Doc. No. 7 at 3.) Although the Plaintiff in that case is a prisoner, Magistrate Judge Blewitt cites it solely in

---

support of the proposition that courts may invoke Rule 42(a) to consolidate pending civil cases. Accordingly, there is nothing improper about its inclusion.