**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LORETTA BURTON, | : | CIVIL ACTION NO. **1:CV-14-106**8 |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| OZBURN HESSEY LOGISTICS, | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation is issued for both of the above-captioned actions. (Civil No. 14-1068 and Civil No. 14-1446).

**I.     BACKGROUND.**

*A. Civil Action No. 1:CV-12-1740*

On August 30, 2012, Plaintiff Loretta Burton filed two prior cases in this Court against Defendant Ozburn Hessey Logistics ("OHL"), and on March 24, 2014, Plaintiff's cases were consolidated by the Honorable William W. Caldwell, in 1:12-CV-1740, M.D. Pa. Plaintiff alleged employment discrimination claims under Title VII of the Civil Rights Act of 1964 and an age discrimination claim under the Age Discrimination in Employment Act ("ADEA") against Defendant OHL with respective to her termination from employment. On July 21, 2014, after discovery, summary judgment was granted by this Court in favor of the Defendant OHL and against the Plaintiff. (Docs. 45 & 46, 1:12-CV-1740, M.D. Pa.). The Court found that Plaintiff Burton failed to establish a *prima facie* case of age discrimination under the ADEA and race discrimination under Title VII and, that Defendant OHL was entitled to summary judgment on both claims. The Court

also found that Defendant OHL was entitled to summary judgment because Plaintiff failed to demonstrate that OHL's justification for her termination was merely a pretext for discrimination.

Further, in response to Plaintiff's contention that she was not provided notice of the Court's July 21, 2014 Order granting Defendant OHL summary judgment, the Court issued an Order on August 27, 2014, and directed that Plaintiff could file a notice of appeal by September 19, 2014. Plaintiff did not timely file a notice of appeal in her prior case, 1:12-CV-1740, M.D. Pa. On October 20, 2014, the Court issued an Order indicating that the record in Plaintiff's case, 1:12-CV-1740, was closed. As such, the Court's July 21, 2014 Order granting Defendant OHL summary judgment in Plaintiff's 1:12-CV-1740 case became a final judgment.

   *B. Civil Action No. 1:CV-14-1068*

On June 3, 2014, Plaintiff, Loretta Burton, filed, *pro se,* another Complaint pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, again naming as her Defendant Ozburn Hessey Logistics ("OHL") wherein she alleged, in part, slander and defamation of character related to actions Defendant took during the period of December 14, 2011 through January 6, 2012, regarding the unlawful disapproval of Pennsylvania State unemployment and workers' compensation benefits.[1] (Doc. 1). Plaintiff attached Exhibits to her Complaint. (Doc. 1, pp. 6-8). This matter was assigned to the Honorable Yvette Kane, United States District Court,

---

[1] As mentioned above, on August 30, 2012, Plaintiff filed two prior cases in this Court which were consolidated by the Honorable William W. Caldwell, in 1:12-CV-1740, on March 24, 2014. Plaintiff alleged employment discrimination claims against Defendant OHL. On July 21, 2014, summary judgment was granted in favor of the Defendant and against the Plaintiff. (Docs. 45 & 46, 1:12-CV-1740). Plaintiff now files two more similar cases against Defendant OHL.

2

Middle District of Pennsylvania. On June 17, 2014, Plaintiff paid the filing fee and on July 8, 2014, service of the Plaintiff's Complaint was directed on the named Defendant. (Doc. 6). On July 10, 2014, Defendant filed an Answer to Plaintiff's Complaint with Affirmative Defenses.

*B. Civil Action No. 1:CV-14-1446*

On July 28, 2014, the *pro se* Plaintiff, Loretta Burton, filed a second Complaint, pursuant to the Title VII of the Civil Rights Act of 1964, in this Court against Defendant OHL and paid the filing fee. This matter was assigned to the Honorable Yvette Kane, United States District Court, Middle District of Pennsylvania. Again, the Complaint arises out of Plaintiff's November 23, 2011 work-related injury, and alleges that Defendant illegally discharged Plaintiff from employment as retaliation for her filing a claim of workers' compensation benefits. (Doc. 1, pp. 2-25).

On July 28, 2014, service of the Plaintiff's Complaint was directed on the named Defendant. (Doc. 2). On August 25, 2014, Defendant OHL filed an Answer to Plaintiff's Complaint with Affirmative Defenses.

On September 9, 2014, we issued an Amended Report and Recommendation in both of Plaintiff's pending cases and recommended, under Rule 42(a) of the Federal Rules of Civil Procedure, that Civil Action Number 1:CV-14-1446 be consolidated into Civil Action No. 1:CV-14-1068, and that Civil Action No. 1:CV-14-1446 be closed. We further recommended that Plaintiff's consolidated case No. 14-1068 be remanded to the undersigned for further proceedings. (Doc. 18).[2]  Plaintiff filed objections to our stated R&R. (Doc. 19). The parties then filed briefs regarding

---

[2] Unless otherwise indicated, our references to the docket hereinafter relate to Plaintiff's Civil Action No. 1:CV-14-1068.

Plaintiff's objections. On December 11, 2014, the Court issued a Memorandum and Order and adopted our Doc. 18 R&R recommending consolidation of Plaintiff's two cases. (Docs. 30 & 31).

On October 31, 2014, Defendant OHL filed a Motion for Attorney's Fees pursuant to Fed.R.Civ.P. 11(b), with Exhibits, and a support brief. (Docs. 23, 23-2 & 24). Defendant maintains that Plaintiff is a "serial filer of meritless claims" and that her present Complaints are designed to harass it and to force it to incur litigation costs to defend against "frivolous claims." Plaintiff failed to timely file her brief in opposition to Defendant's Motion for Attorney's Fees.

On November 6, 2014, Defendant OHL filed a Motion to Dismiss Plaintiff's Complaint pursuant to res judicata, collateral estoppel and the statute of limitations, with attached Exhibits. (Docs. 25 & 25-2 to 25-14).[3] Defendant filed its Motion to Dismiss in both of Plaintiff's pending cases, Civil Action No. 1:CV-14-1068 and Civil Action No. 1:CV-14-1446. Defendant filed its support brief and a Statement of Material Facts with citations to the record on November 13, 2014. (Docs. 27 & 28). On November 13, 2014, Plaintiff filed her brief in opposition to Defendant's Motion to Dismiss. (Doc. 26). On November 24, 2014, Plaintiff filed, without leave of court, a reply brief in opposition to Defendant's Motion to Dismiss. (Doc. 29).

## II.     DISCUSSION.

Plaintiff appears to invoke the jurisdiction of this Court based upon federal question, 28 U.S.C. § 1331, since her Complaints allege violations of Title VII. This Court has jurisdiction over

---

[3]The Exhibits of Defendant OHL show that Plaintiff sustained a work-related injury during her employment with Defendant on November 23, 2011, and that she applied for and was awarded PA State workers' compensation benefits on November 13, 2012. Plaintiff's workers' compensation benefits were terminated as of July 2, 2013, since she was found to be fully recovered from her work injury. (Doc. 25-14).

4

Plaintiff's Title VII claims under 28 U.S.C. §1331.  *See Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144, 145, n. 1 (3d Cir. 2007); *Burlington v. News Corp.*, 759 F.Supp. 2d 580 (E.D. Pa. 2010).  This Court can exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

As mentioned, we have found that Plaintiff's two pending Complaints involve common questions of law and fact.  Accordingly, pursuant to Rule 42(a), we recommended that the above cases be ordered consolidated and that the matter proceed under Civil Action Number 1:CV-14-1068.  On December 11, 2014, the Court consolidated Plaintiff's two cases under Civil Action Number 1:CV-14-1068. (Docs. 30 & 31).

Defendant OHL argues in its Motion to Dismiss that Plaintiff's federal claims, under Title VII, in both of her Complaints are barred by the doctrines of collateral estoppel and res judicata.

In order for res judicata to apply, one factor is that Plaintiff's instant claims are based on her claims she raised against Defendants in her prior federal court cases she filed in this Court.  *See Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009)(citation omitted).  For res judicata to apply, the following elements must be found:

> (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action.

*Id*. (citation omitted).

For collateral estoppel, or issue preclusion, to apply, under Pennsylvania law, the following elements are required:

> (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with

5

> a party to the prior adjudication; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in question in a prior action.

*James v. Heritage Valley Federal Credit Union*, 197 Fed. Appx. 102, 105 (3d Cir. 2006)(citation omitted).

In *Florimonte v. Bor. of Dalton*, 2014 WL 3114071, *3(M.D.Pa. July 7, 2014), the Court stated:

> "Claim preclusion, or *res judicata,* is a defense asserted when a case is essentially identical to one that has previously been adjudicated." *R & J Holding Co. v. Redevelopment Auth. of County of Montgomery,* 670 F.3d 420, 427 (3d Cir.2011). Though an affirmative defense, *res judicata* may be raised in a motion to dismiss. *Robinson v. Johnson,* 313 F.3d 128, 135 n. 3 (3d Cir.2002) (citing *Williams v. Murdoch,* 330 F.2d 745, 749 (3d Cir.1964)). A federal court is directed to "give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apts. III, L.P.,* 449 F.3d 542, 548 (3d Cir.2006). As such, in Pennsylvania, *res judicata* requires that the present and former action share: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *R & J Holding,* 670 F.3d at 427 (citation omitted). *"Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* (quoting *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309, 313 (Pa.1995)). Under Pennsylvania law, "the doctrine of *res judicata* holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action." *Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.,* 40 F.3d 1416, 1429 (3d Cir.1994) (internal quotations and citations omitted). And, significantly, "the Supreme Court of the United States has held that the doctrine of *res judicata* applies even though a plaintiff may view the first case as having been erroneously decided." *Njie v. Livingston,* No. 08–2263, 2010 WL 569551, at *5 (M.D.Pa. Feb.9, 2010) (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398–99, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

*See also Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009)(citation omitted).

Based on Plaintiff Burton's previous actions she initiated in this Court against Defendant OHL challenging the conduct of Defendant regarding her termination from employment, we completely agree with Defendant and find that all of the requisite elements to meet *res judicata* are present in the instant two consolidated cases of Plaintiff. As Defendants state, a final judgment on the merits was issued in Plaintiff's prior consolidated case raising race discrimination and age discrimination claims related to her employment with Defendant, 1:12-CV-1740, M.D. Pa. Also, Defendant is correct that the present two consolidated cases filed by Plaintiff involve the same parities as in her prior case, 1:12-CV-1740. Finally, as Defendant states, "the subsequent Complaints by Plaintiff [i.e., 1:14-CV-1068 and 1:14-CV-1446] allege the same claims as the prior suit brought by Plaintiff. In the first Complaint, Plaintiff alleged that she was discriminated based on her race, according to Title VII, and that she was discriminated based on her age, under the [ADEA]. In the present Complaint[s], Plaintiff is still alleging that she was discriminated based on her race under Title VII, and that she was discriminated based on her age under the [ADEA]." (Doc. 27, p. 8).

In the recent December 11, 2014 Memorandum consolidating Plaintiff's present two cases, the Court noted that Plaintiff has filed other actions against Defendant OHL and that her consolidated case against Defendant under Civil No. 12-1740 brought employment discrimination claims against Defendant. The Court also recognized that on July 21, 2014, Judge Caldwell granted summary judgment in favor of Defendant OHL and against Plaintiff in Civil No. 12-1740. (Doc. 30, p. 4 n. 3).

We find that the issues that Plaintiff is now trying to raise before this federal Court again concern her prior employment with Defendant and alleged discrimination, her termination, and her PA State workers' compensation claim.  We further find that this federal Court, a court of competent jurisdiction, issued a final valid judgment upon the merits of Plaintiff's instant claims against Defendant OHL on July 21, 2014, when Judge Caldwell granted summary judgment in favor of Defendant OHL and against Plaintiff in Civil No. 12-1740.  We find that Plaintiff's instant claims are based on the same causes of action as her claims in Civil No. 12-1740, and that the doctrine of *res judicata* bars the present action Plaintiff filed against the same party Defendant.  *See Jarvis v. Analytical Lab Servs.*, 499 Fed.Appx. 137, 139 (3d Cir. 2012)("The Court takes a broad view to determine if two suits are based on the same cause of action, 'looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.''")(citations omitted).  Clearly, in the present case, there is an "essential similarity of the underlying events giving rise to [Plaintiff's] various legal claims."  *Id*.

Additionally, Plaintiff clearly could have raised her present claims in this Court when she filed her Civil No. 12-1740 case.  Even if Plaintiff did not raise all of her present claims in her prior action filed with this Court in her Civil No. 12-1740 case, "*res judicata* applies to those claims as well because 'the mere inclusion of a new cause of action in a subsequent Complaint will not rescue a lawsuit from *res judicata* where the underlying events that give rise to the new allegations are essentially the same as those in the earlier action.'"  *Florimonte v. Bor. of Dalton*, 2014 WL 3114071, *4(quoting *Jarvis v. Analytical Lab Servs.*, 499 Fed.Appx. 137, 139 (3d Cir. 2012)).  Thus, " *res judicata* bars not only those claims that were brought in a prior suit, but also those claims that

8

could have been brought." *Jarvis v. Analytical Lab Servs.*, 499 Fed.Appx. at 139(citation omitted). "The Complaints need not be identical." *Id.*

Thus, we agree with Defendant and find that the instant claims of Plaintiff, which are premised on the same allegations regarding Defendant's conduct in terminating her employment, her November 23, 2011, work-related injury, and her PA State workers' compensation claim, including her claim that Defendant defamed her with respect to her workers' compensation claim, are barred by preclusion law, *i.e.*, the doctrine of *res judicata*. *See Florimonte v. Bor. of Dalton, supra*.

Based on our discussion above, we agree with Defendant and find that Plaintiff's Complaint should be dismissed with prejudice based on the doctrine of *res judicata* as well as the PA claims preclusion doctrine. Thus, we find that Plaintiff is simply re-alleging the facts that were plead in her prior federal court action (*i.e*, Civil No. 12-1740) and is seeking the same relief that she has previously sought and/or could have sought, and has simply decided to bring all of her already litigated issues into her present consolidated action now pending with this federal Court.

Since we will recommend that Plaintiff's federal claims over which this Court has original jurisdiction (*i.e.*, Title VII claims) be dismissed and not be permitted to proceed to trial, we will also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant. *See* 28 U.S.C. § 1367(c)(3); *Verdecchia v. Prozan,* 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

Thus, we shall recommend that Plaintiff's consolidated case under Civil No. 14-1068 be dismissed with prejudice.

Accordingly, we will recommend that Defendant's Motion to Dismiss Plaintiff's Complaint **(Doc. 25)** be granted and that all of Plaintiff's claims be dismissed with prejudice. We will also recommend that the Court deny Defendant's Motion for Attorney's Fees **(Doc. 23)** and that each party bear their own costs.[4]  Further, we will recommend that the Court close this case.

**III.**     **RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss Plaintiff's Complaints **(Doc. 25)**, consolidated into Civil Action No. 1:CV-14-1068, be granted and that all of Plaintiff's claims be dismissed with prejudice.  It is also recommend that the Court deny Defendant's Motion for Attorney's Fees **(Doc. 23)** and that each party bear their own costs.  Further, it is recommended that the Court close this case.


 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 17, 2014**

---

[4]While we sympathize with Defendant with regard to being forced to once again defend against the same claims Plaintiff raised in her  in Civil No. 12-1740 case, since Plaintiff is *pro se* and appears to have reasonably believed her instant claims against Defendant are different and not merely designed to harass Defendant, we do not  recommend that the Court grant Defendant's Motion for Attorney's Fees.  However, we note that if the Court dismisses Plaintiff's instant case with prejudice as we recommend and if Plaintiff continues to file Complaints against Defendant OHL raising the same claims, Defendant, in our view, will be entitled to its fees in defending future actions under Rule 11.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORETTA BURTON, | : | CIVIL ACTION NO. **1:CV-14-106**8 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| OZBURN HESSEY LOGISTICS, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 17, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                              s/ Thomas M. Blewitt
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**


**Dated:  December 17, 2014**