**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORETTA BURTON,** | **:** | |
| **Plaintiff** | **:** | **No. 1:14-cv-1068** |
| | **:** | |
| **v.** | **:** | **(Judge Kane)** |
| | **:** | |
| **OZBURN HESSEY LOGISTICS,** | **:** | **(Magistrate Judge Blewitt)** |
| **Defendant** | **:** | |

## MEMORANDUM

Before the Court is the Report and Recommendation of Magistrate Judge Blewitt,
recommending that Defendant Ozburn Hessey Logistics' motion to dismiss the consolidated
action be granted, and that Defendant's motion for attorney's fees be denied. (Doc. No. 32.) For
the reasons that follow, the Court will adopt the Report and Recommendation in part, will
dismiss Plaintiff's federal claims with prejudice, will dismiss Plaintiff's state law claims without
prejudice, and will deny Defendant's motion for attorney's fees.

## I.    BACKGROUND

On June 3, 2014, Plaintiff Loretta Burton filed a pro se complaint against Defendant
Ozburn Hessey Logistics in the civil action docketed as Loretta Burton v. Ozburn Hessey
Logistics, No. 14-1068. (Doc. No. 1.) That complaint brings claims under Title VII of the Civil
Rights Act of 1964, as well as claims for slander and defamation of character, both of which
which appear to arise out of a November 23, 2011 work-related injury, her termination, and
subsequent claims for unemployment workers' compensation benefits. (Id.) Subsequently, on
July 28, 2014, Plaintiff filed a second complaint in this court in the civil action docketed as
Loretta Burton v. Ozburn Hessey Logistics, No. 14-01446. (No. 14-1446, Doc. No. 1.) On
September 9, 2014, finding that the two cases brought similar claims arising out of the same

facts, Magistrate Judge Blewitt issued a Report and Recommendation in which he recommended that the Court consolidate the above-captioned actions into Civil Action No. 14-1068, and close Civil Action No. 14-1446.  (No. 14-1068, Doc. No. 18; No. 14-1446, Doc. No. 7.)  Plaintiff filed objections.  (No. 14-1068, Doc. No. 19; No. 14-1446, Doc. No. 8.)  However, on December 11, 2014, the Court overruled Plaintiff's objections, ordered the cases consolidated, and further ordered that Civil Action No. 14-1446 be closed.  (Doc. Nos. 30, 31.)

Prior to the Court's order of consolidation, Defendant filed essentially identical motions to dismiss in both cases on the grounds that Plaintiff's claims were barred by res judicata, and otherwise by the applicable statute of limitations.  (Doc. No. 25; No. 14-1446, Doc. No. 14.) They also filed motions for attorney's fees.  (Doc. No. 23; No. 14-1446, Doc. No. 12.) On December 17, 2014 Magistrate Judge Blewitt issued a Report and Recommendation in this consolidated action in which he recommends that the motion to dismiss be granted with prejudice, and that Defendant's motion for attorney's fees be denied.  (Doc. No. 32.)  Plaintiff filed objections on December 23, 2014, and December 29, 2014.  (Doc. Nos. 33, 34.)

## II.    DISCUSSION

Magistrate Judge Blewitt recommends the Court grant the Defendant's motions to dismiss.  (Doc. No. 32.)  First, he recommends the Court dismiss Plaintiff's federal law claims – that is, those arising under Title VII – as barred by the doctrine of res judicata.  (Id. at 8-9.) Specifically, he recommends that res judicata applies to bar Plaintiff's Title VII claims because Plaintiff already filed two prior cases in this Court against Defendant alleging employment discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act.  (Id.)  Following consolidation of those complaints, Judge William W.

Caldwell granted summary judgment to Defendant.  (Id.)  Magistrate Judge Blewitt concludes that Plaintiff's newest Title VII claims are premised on the same allegations: "Plaintiff is simply re-alleging the facts that were plead in her prior federal court action and is seeking the same relief she has previously sought and/or could have sought."  (Doc. No. 32 at 9.)

The Court finds no legal error in Magistrate Judge Blewitt's recommendation that Plaintiff's Title VII claims be dismissed as barred by res judicata.  "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."  Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010).  Judge Caldwell already issued a final judgment on the merits concerning her earlier Title VII discrimination claims arising out of her termination from Defendant's employ. See Burton v. Ozburn Hessey Logistics, No. 12-1740, 2014 WL 3573497 (M.D. Pa. July 21, 2014).  Plaintiff's newer Title VII claims arise from the same set of facts as her earlier action. Accordingly, the Court finds that dismissal of her Title VII claims on res judicata grounds is appropriate.  See R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011) ("Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.").

Although Plaintiff filed two documents purporting to be objections, they mostly concern the issue of consolidation, about which the Court has already ruled.  Her first document, filed December 23, 2014, are not actually objections to the recommended findings of Magistrate Judge Blewitt, but are instead styled as objections to this Court's prior order consolidating her

3

cases.  (Doc. No. 33.)  Even were the Court to construe her <u>pro se</u> filing as a motion for

reconsideration of the Court's consolidation order, she states no grounds for relief.  The Court

has already considered and rejected her arguments concerning consolidation.  There is no merit

to her contention that her due process rights have been violated by the Court's order

consolidating her cases.  <u>See</u> <u>GGIS Ins. Servs., Inc. v. Lincoln Gen. Ins. Co.</u>, No. 10-0932, 2011

WL 484180, at *3 (M.D. Pa. Feb. 7, 2011) (citing <u>In re Cmty. Bank of N. Va.</u>, 418 F.3d 277, 298

n.12 (2005)) ("When the court grants consolidation, the consolidation does not merge the suits

into a single cause or change the rights of the parties, or make those who are parties in one suit

parties to another.").  Plaintiff's rights were not affected by the consolidation; even had the cases

<u>not</u> been consolidated, the Court would have dismissed the Title VII claims in both complaints

on <u>res judicata</u> grounds.  Her second set of objections, filed December 29, 2014, largely

reiterates the facts behind her complaint and she once again asserts that consolidation is

inappropriate.[1]  (Doc. No. 34.)

  Rather, Plaintiff's sole contention that can be construed as an objection to Magistrate

Judge Blewitt's <u>res judicata</u> findings concerns her categorization of the complaint she filed in

No. 14-1446.  Although not at all clear from the face of her complaint – which simply states that

it brings a discrimination claim under Title VII (<u>see</u> No. 14-1446, Doc. No. 1) – Plaintiff's

objections purport to categorize the complaint first filed in No. 14-1446 as an appeal of the July

16, 2014 decision of the Pennsylvania Workers' Compensation Appeal Board to deny her further

---

[1] Plaintiff also states that "this court [has] failed to identify whether this is a pretrial purposes consolidation, or a consolidation [for all purposes]."  (Doc. No. 33 at 3.)  The Court therefore clarifies that its order consolidated the cases for <u>all</u> purposes, resulting in the closure of Civil Action No. 14-1446.  (Doc. No. 31.)

benefits.  (See Doc. No. 34.)  She notes that the Workers' Compensation Appeal Board decision was "very clear in stating" that an appeal may be taken by "any party aggrieved by the Board's decision . . . provided such appeal is taken within 30 days after the mailing date of the [decision]."  (Id. at 5.)  She filed case No. 14-1446 on July 28, 2014, within the 30-day window set forth in the Appeals Board's order.  The Court understands Plaintiff to be objecting on the grounds that the issue of her Workers' Compensation Appeal was not addressed in the first action, nor in Judge Caldwell's grant of summary judgment.  (Id.)

However, the opinion from the Workers' Compensation Appeal Board – which Plaintiff attached as an exhibit to her complaint – provides that "[a]n appeal to the Commonwealth Court of Pennsylvania may be taken by any party aggrieved by the Board's decision" within 30 days.[2] (Doc. No. 1 at 15.) (emphasis added).  However, this Court, a United States District Court sitting in the Middle District of Pennsylvania – does not have jurisdiction over any such appeal.  It certainly does not sound under the protections of Title VII.  Accordingly, the Court will overrule Plaintiff's objections and to the extent Plaintiff attempts to bring an appeal of the Workers' Compensation Appeals Board before this Court in addition to her Title VII claims, such a claim is dismissed for lack of jurisdiction.

Magistrate Judge Blewitt also recommends that supplemental jurisdiction be declined as to Plaintiff's state law claims (i.e., her defamation claim), and that the state law claims also be dismissed with prejudice.  Plaintiff offers no objections that appear to address this recommendation.  A district court may decline to exercise supplemental jurisdiction over a claim

---

[2] It is possible that Plaintiff may have mistakenly believed she was filing her action in the Commonwealth Court.

if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Typically, when "all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness,

and comity—will point toward declining to exercise jurisdiction over the remaining state-law

claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Accordingly, because

the Court will dismiss Plaintiff's claims under federal law, the Court will decline to exercise

supplemental jurisdiction.

    However, although Magistrate Judge Blewitt also recommends the Court dismiss the

state law claims with prejudice, "[i]f a district court decides not to exercise supplemental

jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there

has been no adjudication on the merits."  Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).

Accordingly, to the extent Plaintiff seeks to bring state law claims – such as defamation, or an

appeal of the decision of the Pennsylvania Workers' Compensation Appeals Board – the Court

will dismiss the claims without prejudice.[3]

    Lastly, Magistrate Judge Blewitt recommends that Defendant's motion for attorney's fees

be denied, because "Plaintiff is pro se and appears to have reasonably believed her instant claims

_____

    [3] Because the Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff seeks to bring, the Court will not address the merits of Defendant's contention that Plaintiff's defamation claim is barred by the applicable statute of limitations. Similarly, it will also not adopt Magistrate Judge Blewitt's recommendation that the Court find that Plaintiff's state law defamation claims are also precluded by res judicata.  (See Doc. No. 32 at 9.)  Plaintiff's pro se complaint is less-than-clear regarding the factual basis for her defamation claim and, particularly in light of the fact that the Court is not exercising jurisdiction over her defamation claim, the Court is reluctant to make such any res judicata determination regarding her defamation allegations based on the limited factual record.  Accordingly, the Court does not address expresses no opinion as to the applicability of res judicata to Plaintiff's state law defamation claim.

against Defendant are different" and therefore were "not merely designed to harass Defendant." (Doc. No. 32 at 10 n.4.)  No party filed objections to this recommendation, and the Court finds no error in Magistrate Judge Blewitt's conclusion.  Accordingly, the Court will deny the motion for attorney's fees.  An order consistent with this memorandum follows.